UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 2:07-cr-61-FTM-29DNF

WILLIAM BRUCE REGAN
_____

**OPINION AND ORDER**

This matter is before the Court on defendant William Bruce Regan's *pro se* Motion Under 18 U.S.C. § 3582(c)(2) For Reduction of Sentence (Doc. #87). The Court appointed the Federal Public Defender (FPD) to represent defendant (Doc. #88), and the FPD filed a Response and Request for Sentence Reduction (Doc. #93). The United States filed its Opposition (Doc. #95).

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Defendant is not eligible for a reduction of sentence.

At the original sentence, the Court sentenced defendant to the statutory mandatory minimum of 120 months imprisonment.  The statutory mandatory minimum precludes a sentence reduction under Amendment 750.  United States v. Velez, No. 11-15278, 2012 WL 833318 (11th Cir. Mar. 14, 2012).  See also U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1; United States v. Mills, 613 F.3d 1070, 1075-79 (11th Cir. 2010)(statutory mandatory minimum precluded application of Amendment 706).  Additionally, defendant's offense behavior and his original sentence both occurred prior to the August 3, 2010, effective date of the Fair Sentencing Act of 2010.  The Eleventh Circuit has held that the Fair Sentencing Act does not apply in such circumstances.  United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011).  The two cases in which certiorari has been granted, Hill v. United States, 132 S. Ct. 759 (2011) and Dorsey v. United States, 132 S. Ct. 759 (2011), both involved defendants sentenced for the first time after the effective date of the Fair Sentencing Act.  United States v. Allen, No 11-14649, slip op. at 5 n.1 (11th Cir. Apr. 30, 2012).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

William Bruce Regan's *pro se* Motion Under 18 U.S.C. § 3582(c)(2)

For Reduction of Sentence (Doc. #87) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
DCCD
William Bruce Regan